IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN NICHOLAS HAYNES, #18757-030 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 25-cv-1107-SMY |
| ) | |
| WARDEN LILLARD, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ryan Nicholas Haynes, a federal prisoner currently incarcerated at Greenville Federal Correctional Institution ("Greenville") brings this habeas action pursuant to 28 U.S.C. § 2241. Haynes alleges his due process was denied in that he was not granted Federal Time Credits according to Program Statement 5410.01 CN-2, First Step Act of 2018.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

The calculation, including the execution of a federal prisoner's sentence, can be challenged in a Section 2241 petition. *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Given the limited record, it is not plainly apparent that Haynes is not entitled to habeas relief. Without commenting on the merits, the Court concludes that the Petition survives preliminary review, and a response shall be ordered.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **August 14, 2025**. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

Based upon the Court's scheduling and time for Respondent to answer or otherwise plead, the Petitioner's Motion to Expedite (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 15, 2025**

**STACI M. YANDLE**
**United States District Judge**