IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN NICHOLAS HAYNES, <br> No. 18757-030 <br><br> Petitioner, <br><br> v. <br><br> WARDEN LILLARD, <br><br> Respondent. | Case No. 25-cv-1107-RJD |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Doc. 1. Petitioner Ryan Nicholas Haynes requests that this Court order the Bureau of Prisons ("BOP") to apply his Federal Time Credits ("FTC" or "FSA time credits") towards his sentence so that he may be immediately reviewed for pre-release custody and enter a Resident Reentry Center ("RRC"). *Id*. Respondent contends that Petitioner failed to complete the BOP administrative process and that his petition should be dismissed; in the alternative, Respondent contends that the BOP did not err in refusing to apply Petitioner's FTC credits to reduce his sentence. Doc. 15.

### I. Background

On March 13, 2019, the United States District Court for the Southern District of Iowa sentenced Petitioner to 120 months in prison and three years of supervised release as a felon in possession of a firearm, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). Doc. 15-2, p. 3.

Petitioner is currently incarcerated at FCI-Greenville with a projected release date of May 24, 2027 (*See* BOP, Find an Inmate, https://www.bop.gov.inmateloc/ (last visited Feb. 17, 2026). Including the instant case, he has filed three petitions requesting this Court to order the BOP to apply his FSA time credits. He advanced different rationale in each petition. The previous two petitions were denied; in each instance, the Court noted that while Petitioner *may* earn credit towards sentence reduction under the FSA, Petitioner's inability to apply his FSA time credits towards prerelease custody or early transfer to supervised release did not consist of a "constitutionally protected liberty interest that is cognizable in a §2241 petition." *Haynes v. Williams*, Case No. 23-cv-1348-SPM, 2023 WL 7553849, *3 (S.D. Ill. Nov. 14, 2023); *Haynes v. Lillard*, Case No. 23-cv-1051-SMY, ECF No. 15 (S.D. Ill. Oct. 10, 2023).

## II.     Analysis

The Court may grant a writ for habeas corpus to an inmate "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2441(c)(3). As a preliminary matter, Petitioner was required to exhaust administrative remedies prior to filing his habeas petition. *See Richmond v. Scibana*, 387 F.3d 602,604 (7th Cir. 2004); *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). The BOP's administrative process contains multiple steps, and Petitioner concedes that he did not appeal to the BOP's Central Office (one of the required steps). Doc. 15-1, ¶26; Doc. 17, p. 3. He explains that he did not appeal to the BOP's Central Office "after an inmate was stabbed [at FCI Greenville] and there was a complete lock down with no movement." Doc. 17, p. 3. The lockdown rendered Petitioner unable to access a copy machine to prepare the necessary documentation for his appeal. *Id*. He wrote the Central Office and requested an extension of time but never received a response and therefore he "assumed his administrative remedy was denied" because "he was close to suffering harm if the

Court did not intervene." *Id*.

An inmate may be excused from the exhaustion requirement if he shows there is "no reasonable prospect" that he could obtain any relief from the BOP. *Gonzalez*, 355 F.3d at 1016-17. The Court is not convinced that Plaintiff exhausted his administrative remedies or that the process was futile. Regardless, even if Petitioner had properly exhausted his administrative remedies, he is not entitled to the relief he seeks in the instant §2241 petition.

Under the Fair Step Act ("FSA"), inmates in federal custody may earn credits for earlier release from prison. 18 U.S.C. §3632(d)(4). The Attorney General of the United States, along with the Bureau of Prisons ("BOP") developed the "PATTERN Risk Assessment" (Prisoner Assessment Tool Targeting Estimated Risk and Needs) to measure an inmate's recidivism risk. 18 U.S.C. §3631, 3632; https://www.bop.gov.inmates/fsa/pattern.jsp; *see also Booker v. Williams*, Case No. 21-cv-215, 2022 WL 4314362, *1 (S.D. Ill. Sept. 19, 2022). Inmates with medium or high PATTERN scores cannot apply their FSA time credits toward prerelease custody or early transfer to supervised release unless approved by the Warden, who must make the following determinations:

> (aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;
>
> (bb) the prisoner made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
>
> (cc) the prisoner is unlikely to recidivate.

18 U.S.C. §3624(g)(1)(D)(i)(II); 28 C.F.R. §523.44(b)-(c).

Petitioner has earned a total of 375 days of FSA time credits towards prerelease custody. Doc. 15-1, ¶12. Unfortunately, Petitioner also has a high PATTERN score. *Id*., ¶13. He has

submitted two requests to the Warden at FCI Greenville to apply his FSA time credits for prerelease custody.  Doc. 1, pp. 9-10.  Respondent submitted a declaration by R. Workman, Unit Manager at FCI-Greenville, that explains she submitted recommendations to the Warden regarding those requests.  Doc. 15-1.  In both instances, she recommended denying the requests.  *Id.*, ¶¶15-19.  In response to the first request, R. Workman recommended against allowing the application of Petitioner's FSA time credits, citing a "public safety factor of sentence length" and that Petitioner had received two "one hundred series incident reports while in BOP custody." *Id.*, ¶16. Petitioner subsequently met with R. Workman and correctly informed her that he "did not have a public safety factor." *Id.*, ¶18.  R. Workman then submitted a revised recommendation to deny Petitioner's request, omitting the "public safety factor" but again including that he had two "one hundred series incident reports while in BOP custody." *Id*.  She also noted that he had not completed a required evidence-based recidivism education course.  *Id*.  The Warden agreed with R. Workman's recommendation to deny Petitioner's first request.  *Id*.

Petitioner made another request to apply his FSA time credits.  *Id.*, ¶15.  R. Workman again recommended denying the request, citing the two "one hundred series incident reports while in BOP custody" and also that Petitioner was "currently being housed in the Special Housing unit…for a pending incident report for possessing drugs/alcohol and destroy/dispose item." *Id.*, ¶19.  The Warden again agreed with her recommendation.  *Id*.

Petitioner argues that his due process rights were violated by R. Workman's recommendations. He contends that the Warden improperly allowed R. Workman to determine whether he could apply his FSA time credits, and that R. Workman improperly relied upon Program Statement 5410.01, which is a document containing "procedures for awarding time credits pursuant to…. 18

U.S.C. §3624(g)."[1]  The Court is not convinced by these arguments.  The FSA allows inmates to earn credits; it does not mandate that those credits be applied to reduce the inmate's sentence.  18 U.S.C. §3632(d)(4).  There is no constitutionally protected liberty interest in FSA time credits and therefore there can be no due process violation.  *See Lopez v. Emmerich*, Case Nos. 24-3195, 25-1066, 25-1095, 2025 WL 3172841, *2 (7th Cir. Nov. 13, 2025); *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) ("the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison").  Even if there was, the FSA does not direct how the Warden should determine whether to apply FSA time credits for a medium or high risk inmate, or prohibit him/her from relying on the recommendations made by subordinates following BOP's policies (including Statement 5410.01).  Nothing before the Court indicates that the Warden failed to follow the TSA in denying Petitioner's requests.

### III.  Conclusion

Petitioner fails to establish grounds for habeas relief under 28 U.S.C. §2241.  The petition is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 24, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] Though he takes issue with R. Workman following Statement 5410.01, he also contends that she failed to follow it by referring to the two "one hundred series reports while in BOP custody." Doc. 18, p. 3.  Petitioner claims that Statement 5410.01 prohibits the inclusion of incidents that occurred more than three years before the inmate's request to apply FSA time credits. Statement 5410.01 directs that "inmates with high or medium PATTERN recidivism risk levels must demonstrate a good faith effort to lower their recidivism risk by: (1) maintaining clear conduct for *at least three years* from the date of the request." Doc. 15-2, p. 49 (emphasis added).